

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John H. Smith
County Auditor
Palo Pinto County
Palo Pinto, Texas

Dear Sir:                              Opinion No. 0-2186
                                       Re: For what years officers
                                           under the maximum fee bill
                                           were allowed to retain all
                                           their fees in the county of
                                           Palo Pinto?

        We have considered your letter of April 4, re-
questing an opinion of this department and containing the
following inquiries:

        "For what years were the officers allowed
    to retain all their fees under the maximum fee
    bill?

        "For a number of years certain fees have
    been collected by the Tax Collector for prior
    officers, including County Clerk and Tax Col-
    lector - should such fees be paid to the County
    or direct to the officers entitled to them?"

        With reference to the last quoted paragraph of
your letter, pertaining to the collection of delinquent
fees for prior officers, we find that this department in
Opinion C-1448, found in Vol. 1, No. 6, of the Monthly
Report of the Attorney General, September, 1939, has dis-
cussed a similar inquiry. We are enclosing herewith a
copy of Opinion C-1448 which answers your second question
for prior years as to those fees properly classified as
delinquent fees and earned during those years the offi-
cers were subject to the maximum fee statute.

        In considering your first inquiry, we have de-
termined that the population of Palo Pinto County has
never in its history been equal to or in excess of 25,000

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John H. Smith, page 2

inhabitants. According to your letter, such county has always operated under the fee law since its enactment. We find, however, that the 1910 Federal census gave Palo Pinto County a population of 19,506 inhabitants. This population census is important as it had the effect of changing the classification of the officers of Palo Pinto County, requiring them to make the reports and keep the statements, bringing them under the operation of the maximum fee law. (See Article 5881, R.C.S. 1911).

Effective December 1, 1897, the 25th Legislature enacted what is known as the Maximum Fee Statute, being chapter 5 of the General Laws of Texas, First Called Session, Acts of 1897, fixing and limiting the fees of the officers named in Section 10 thereof. In Section 11 of this Act, it was provided that all fees collected in excess of the maximum amount allowed therein to the officers for their services and for the services of their deputies and assistants were to be paid to the county treasurer, provided that where any officer did not collect his maximum amount for any fiscal year, and who reported delinquent fees, he was entitled to retain when collected, such part as sufficient to complete the maximum compensation for the year in which delinquent fees were charged, and also retain the one-fourth of the excess belonging to him.

Prior to the effective date of this Act of 1897, all the officers named therein were allowed to retain all their fees authorized to be collected. Since the effective date of said Act, however, the Legislature has seen fit to limit and fix the maximum amount of fees such officers may retain, confining the smaller counties or those with population less than 25,000 under the lower bracket. The maximum amount of fees each officer named was allowed to retain, was changed from time to time by subsequent Legislatures, with that portion fixed as an allowance of excess fees increased from one-fourth to one-third by the 41st Legislature, Acts 1930, 4th Called Session, Ch. 20. (See Article 3891, V.A.C.S.).

Under the aforementioned Act of 1897, counties having a population of 15,000 or less, however, were by operation of the provisions of Section 17 of the Act exempted from coming under its provisions. Section 17 was carried forward in the Revised Civil Statutes of Texas, 1911, as Article 3898.

Honorable John H. Smith, page 3

By the Acts of 1913, 33rd Legislature, Ch. 121, the provision allowing the exemption of couties of 15,000 or less inhabitants was amended, so as to exempt all counties of 25,000 or less inhabitants, the population to be determined by the 1910 Federal census. This Act was effective December 1, 1914. See Cameron County vs. Fox (Com. App.) 61 S. W. (2d) 483, aff. 42 S. W. (2d) 653; Moorman vs. Terrill, 109 Tex. 173, 202 S. W. 727.

In 1919, the 36th Legislature, Acts 1919, Chapter 158, repealed Article 3898, Revised Statutes, 1911 (Section 17, Ch. 5, Acts 1897, 1st C. S. 25th Leg.) the effect of which was to bring the officers of counties with population of 25,000 or less within the operation of the Maximum Fee Law. This Act was effective June 18, 1919.

However, the 38th Legislature, Acts 1923, Chapter 181, reenacted the provisions of Article 3898, Revised Statutes, 1911, repealed by the 36th Legislature, the effect of which operated again to exempt the officers, except district attorneys, of counties having a population of 25,000 inhabitants or less according to the last United States census. This law was effective June 13, 1923.

As to the period from June 18, 1919, completing the fiscal year, this department held in an opinion rendered by Hon. Bruce Bryant, being No. 2191 in book 54, page 19 of the Biennial Reports of the Attorney General, 1918-20, that all officers were placed under the Maximum Fee provisions and must make their reports and keep the statements for the unexpired portion of that fiscal year ending November 30, 1923. It would by analogy follow that with the reenactment of this provision by the 38th Legislature, a report would have to be made and the statements kept covering that portion of the fiscal year up to June 13, 1923, when the officers named in Article 3881-3886 in counties having a population of 25,000 or less inhabitants were not subject to the Maximum Fee Statutes.

Effective January 1, 1931, the 41st Legislature, Acts 1930, 4th C. S., Ch. 20, repealed Article 3900, Revised Civil Statutes 1925, and amended various provisions of the Maximum Fee Law and particularly the provisions of this Act operated upon and brought back under the Maximum Fee Law, all counties of the lower bracket whose population was less than 25,000 and required the reports of all officers of such counties. Since January 1, 1931, all officers named within the provisions of said Act and amendments, in counties with the same population status as Palo Pinto, have been subject

to the provisions of the Maximum Fee Law, and such officers have been and are required to make the reports and keep the statements provided in the law. See Articles 3891, 3892, 3897, Vernon's Annotated Civil Statutes, and Articles 3896, 3898 and 3899, Revised Civil Statutes 1925, and amendments.

Palo Pinto County, having a population of less than 20,000 inhabitants according to the 1930 Federal census, and continuing to compensate its officers on the basis of fees earned, such county would not be affected by the salary bill, Acts of 1935, 44th Legislature, 2nd C. S., Ch.465, and amendments. (Article 3912e, Sec. 1 et seq. Vernon's Annotated Civil Statutes.)

It is therefore, the opinion of this department that all officers named in the Maximum Fee Acts in counties whose population status of prior years take that of Palo Pinto County, and where the officers have remained compensated on an annual fee basis, were authorized to retain all their legal fees collected without regard to the maximum and excess limits authorized by the Maximum Fee Statutes, for all years previous to January 1, 1931, excepting the periods from the publication of the 1910 Federal census to December 1, 1914, when the population of Palo Pinto County was shown to be in excess of 15,000 inhabitants and the period from June 18, 1919, to June 13, 1923, when the reenacted Article 3898, Revised Civil Statutes, 1911, became effective, (See Article 3900, R.C.S. 1925) during which time the officers of such counties were subject to the Maximum Fee provisions. The fees earned during such years, when collected, should be paid direct to the officers who earned them.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WRK:jm

APPROVED MAY 8, 1940

ATTORNEY GENERAL OF TEXAS

APPROVE
OPINION
COMMITTEE
BY
CHAIRMAN